UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RAYMOND J. GEBAUER,

        Petitioner,

v.

UNITED STATES OF AMERICA,

        Respondent.

Case No. C09-694-JLR-BAT
(CR06-122-JLR)

**REPORT AND RECOMMENDATION**

## INTRODUCTION

Raymond J. Gebauer, proceeding *pro se* has filed a 28 U.S.C. § 2255 motion to vacate the judgment and to set aside the sentence imposed in CR06-122-JLR. Dkt. 1.[1] He argues his trial lawyer's failure to file a pre-trial motion to dismiss for violation of the Speedy Trial Act[2] denied him effective assistance of counsel under *Strickland v. Washington* and the Sixth Amendment. *Id.* (memorandum at 2).

This matter has been referred to the undersigned Magistrate Judge. Dkt. 4. Because there are no grounds to support a pre-trial motion to dismiss for violation of Speedy Trial Act in this case, the Court recommends Mr. Gebauer's § 2255 motion be DENIED and that the case be dismissed.

---

[1] Dkt. refers to the docket in the present case, C09-694-JLR-BAT.
[2] The Speedy Trial Act, 18 U.S.C. § 3161 *et seq.* was amended in 2008. Mr. Gebauer's motion and this Report reference the pre-2008 amendment version of the Act.

REPORT AND
RECOMMENDATION – 1

**BACKGROUND**

**I.     Criminal Proceedings And Direct Appeal**

On April 13, 2006, Mr. Gebauer was indicted on four counts of Willful Attempt to Evade and Defeat Taxes in violation of 26 U.S.C. § 7201. CR. 1.[3] He now contends that his trial, which began on July 23, 2007, was held in violation of the Speedy Trial Act, and that his trial lawyer's failure to file a pre-trial motion to dismiss for such violation denied him effective assistance of counsel. Dkt. 1. Specifically, he argues the Court's Order of June 14, 2006, granting his motion to continue the date of trial to March 5, 2007, and tolling speedy trial from May 26, 2006 to March 5, 2007, violated his rights under the Speedy Trial Act. Dkt. 1 (memorandum at 10-12.) Essentially, he contends the June 14, 2006 order is invalid and that under the Speedy Trial Act, his trial should have started on July 30, 2006. *Id*. at 9-10.

However, the record of Mr. Gebauer's criminal proceedings does not support this claim. The record shows the indictment in this case was filed on April 13, 2006. CR. 1.[4] On April 14, 2006, Mr. Gebauer made his initial appearance in CR06-122-RSL. CR. 4. He was released on an appearance bond and an arraignment hearing was scheduled for April 27, 2006. *Id.*

On May 18, 2006, after several continuances, Mr. Gebauer was arraigned; trial was set for June 19, 2006. CR. 10.

On May 24, 2006, Mr. Gebauer's lawyer, James Frush, filed a motion to withdraw; the motion was terminated on June 1, 2006. CR. 11. On May 30, 2006, Mr. Gebauer filed a Waiver of Speedy Trial By Defendant. The waiver stated:

> Raymond J. Gebauer, by and through his attorney, respectfully submits this waiver of his speedy trial rights. Counsel has explained to Mr. Gebauer his rights to speedy trial under the United States Constitution and the applicable

---

[3] CR refers to the docket in CR06-122-JLR, the underlying criminal case.
[4] The case was initially assigned to Judge Robert S. Lasnik.

REPORT AND
RECOMMENDATION – 2

> federal statutes. Mr. Gebauer agrees to waive his right to a speedy trial
> through June 2007 and agrees that all time between the execution of this
> waiver and June 30, 2007 should be excluded from calculations under the
> federal statutes. This waiver is made voluntarily with full knowledge of the
> facts and circumstances surrounding it, and is freely made.

CR. 13.

On June 9, 2006, the Honorable Robert Lasnik conducted a status hearing to resolve the parties' dispute over the trial date. CR. 18 at 2. (see attached transcript of proceedings). All counsel and Mr. Gebauer appeared at the hearing. The transcript shows the Court first inquired about whether Mr. Gebauer was advised of his right to a speedy trial and whether he was willing to waive those rights.

> Judge Lasnik: "—Gebauer is out of custody. He's willing to waive his speedy
> trial rights. Mr. Frush, you've advised him of those rights. And
> it's generally a question of picking the date, is that correct? *Id.*
>
> Mr. Frush: Right. He's waived his speedy trial rights in a written waiver
> filed with the Court through June of next year, your Honor. *Id.*

The transcript also shows that although both Mr. Gebauer and the United States agreed the June 19, 2006 trial date should be continued, they disagreed over the length of the continuance. *Id.* 2-3. The United States contended a continuance to October or November 2006 was appropriate because the case was a "garden variety" "tax-evasion case" and because of the public's right to a speedy trial under the Speedy Trial Act. *Id*. at 2.

Mr. Gebauer, through his lawyer, Mr. Frush, contended the trial date should be continued to "late February, early March" of 2007. *Id.* at 3. Judge Lasnik asked Mr. Frush to explain why he needed the later date. *Id.* Mr. Frush argued the later date was necessary because the issue of his retention as Mr. Gebauer's lawyer was just resolved; he had not seen any discovery; the discovery involved 15 boxes; the United States could not even tell him who or how many witnesses were going to be called; that the case might be a "garden variety" case for the

REPORT AND
RECOMMENDATION – 3

government but for Mr. Gebauer, "it's the end of his life if he loses; that due to scheduled vacations and other cases in other districts counsel would be out of his office for nine weeks; that the case was not as simple as the United States claims; and that to properly defend Mr. Gebauer, it was necessary to retain forensic accountants. *Id.* at 3-5.

After hearing from Mr. Frush, Judge Lasnik asked Mr. Gebauer: "Okay. And, Mr. Gebauer, your desire is to do what your attorney says and extend the trial date into next year?" *Id.* at 5. Mr. Gebauer answered: "Yes your Honor. Thank you." *Id.* Judge Lasnik then stated: "Well, I am not unsympathetic to Ms. Johnson's desires to get the case while it's ripe and ready to trial, but under the circumstances I think I'm going to choose the trial date of the first Monday in March, March 5 of 2007." *Id.*

On June 14, 2006, the court entered a written order continuing trial date. CR. 19. The Order provided as follows:

That on May 26, 2006, the defense filed a waiver of Speedy Trial, signed by Defendant, in which Defendant knowingly voluntarily waived his right to a speedy trial through June 30, 2007. *Id.* That on June 9, 2006, the Court held a status conference regarding the trial date and that all parties were present, including the defendant, who was represented by Mr. Frush. That the defense requested the trial date be continued until March 2007. That defense counsel stated his representation of defendant had been finalized only as of June 1, 2006; that in light of his unavailability due to other matters, the anticipated volume of discovery, and the complexity of the matter, that scheduling the trial prior to the time requested by the defense would deny the defense the reasonable amount of time necessary to prepare. *Id.*

The Order further stated that:

> Pursuant to 18, U. S. C. §§ 3161(h)(8)(A), (B)(iv), the Court hereby finds that the failure to grant the continuance requested by the defense would

REPORT AND
RECOMMENDATION – 4

deny counsel for the defense the reasonable time necessary for effective preparation, taking into account the exercise of due diligence and the complexity of the case. The Court also finds that the ends of justice served by continuing the trial date outweighs interest of the public and Defendant in a speedy trial.

Therefore, it is hereby ORDERED that the trial date in the above-captioned matter shall be March 5, 2007.

It is further ORDERED that the period of delay from May 26, 2006, to March 5, 2007, is excludable, pursuant to 18 §§ 3161 (h)(8)(A), (B)(ii)(B)(iii) and (B)(iv), for the purpose of computing the time limitations imposed by the Speedy Trial Act, 18 U. S. C. §§ 3161 - 3174.

CR. 19 at 2-3.

On January 25, 2007, Mr. Gebauer and the United States filed a stipulation requesting the court continue the trial date to May 29, 2007. The stipulation stated "this continuance serves the ends of justice and outweighs the best interests of the public and the defendant to a speedy trial. The time from March 5, 2007 through May 29, 2007 shall be excluded from time computation under the speedy trial act, 18 U.S.C. §§ 3161 *et seq.*" CR. 36 at 1. The parties represented in the stipulation that a continuance of the trial date was necessary for the following reasons:

Defense counsel needs adequate time to review discovery and prepare a defense in a case the Court previously found to be complex. Defendant previously hired counsel Oscar Stilley, who was denied his application for admission pro hac vice on December 4, 2006, the appeal of which to this Court was denied on January 18, 2007. Mr. Stilley still has many documents and information provided to him by Defendant and possibly the Government, and he is in the process of sending that information to defense counsel, which still has not arrived. Also, Defense counsel received on January 22, 2007 discovery from the Government in the form of two discs which contains thousands of documents. The Government invited the Defense to view the voluminous discovery in this matter. The Defense was not able to do so due to scheduling conflicts and travel

for various other federal criminal matters outside of Washington. The Government ultimately decided to scan and produce the documents in electronic format, and the two disks were sent to the defense on January 12, 2007. Defense counsel needs additional time because defense counsel is awaiting a continuance in another federal criminal matter in the U. S. District Court Rhode Island. Defense counsel also has a criminal trial to begin April 24, 2007 in the U. S. District Court of Hawaii. On May 26, 2006, defendant knowingly and voluntarily signed a waiver of speedy trial through June 30, 2007. Defense counsel has spoken with defendant regarding this further continuance, and defendant voluntarily and knowingly consents to this continuance. *Id*. at 1-2.

On January 26, 2007 the Court entered an Order finding that the failure to grant the continuance stipulated to by the parties would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence and the complexity of the case. The Court found that the ends of justice served by continuing the trial date outweighed the interests of the public and defendant in a speedy trial, granted the stipulated motion that a new trial date of May 29, 2007 be set, and ordered the period of delay from March 5, 2007 to May 29, 2007 be excluded, pursuant to 18 U.S.C. §§ 3161 (h)(8)(A), (B)(ii), (B)(iii), and (B)(iv), for the purpose of computing the time limitations imposed by the Speedy Trial Act, 18 U. S. C. §§ 3161-3174. CR. 38.

On May 15, 2007, the parties submitted a proposed Order to continue the trial date to June 25, 2007. CR. 81. The Court signed the Order which provided in pertinent part as follows:

Defendant has previously filed a waiver of speedy trial, signed by defendant, in which defendant knowingly voluntarily waived his right to a speedy trial through June 30, 2007. On May 9, 2007, Court held a telephonic status conference with the parties regarding the scheduling of the trial in the above-captioned matter. The parties anticipate the trial will last two full weeks.

Defense counsel had scheduling conflicts that will make them unavailable for trial in this matter. Specifically, defense counsel is appearing in the United States District Court for the District of Rhode Island for a trial scheduled to begin on June 11, 2007. Due to a shortened work week during the week of May 29, 2007, the parties do not have two full trial weeks available prior to the beginning of defense counsel's trial in Rhode Island. Because defense counsel cannot simultaneously appear in the Western District of Washington and in the District of Rhode Island, failure to continue the trial will unreasonably deny defendant continuity of counsel. Additionally, as the Court has previously noted, this case is factually complex. *See* 18 U.S.C. §§ 3161(h)(8)(A), 3161(h)(8)(B)(iv).

The Court's Order found that the failure to grant the continuance would unreasonably deny Defendant continuity of counsel, and that the ends of justice served by continuing the trial date would outweigh the interest of the public and defendant in a speedy trial pursuant to 18 U.S.C. §§ 3161 (h)(8)(A), 161(h)(8)(B)(iv), and ordered that the period of delay from May 29, 2007 to June 25, 2007 is excludable, pursuant to 18 U.S.C. §§ 3161(h)(8)(A) and (B)(iv), for the purpose of computing the time limitations imposed by the Speedy Trial Act, 18 U. S. C. §§ 3161-3174. *Id*. 82.

On June 14, 2007, Mr. Gebauer moved to continue trial until September 11, 2007. The government opposed the motion. Dkt. 88. Mr. Gebauer, through counsel, argued a continuance was necessary because defense counsel was currently in Rhode Island in a federal criminal trial and had been gone almost three weeks prior to that trial to prepare for that case; the government had continued to produce new discovery, some of which defense counsel had not yet reviewed; the case was complex, and as the government was still providing discovery and expert testimony, defense counsel had been unable to review the discovery and work with an expert in rebuttal; and

a continuance was necessary to provide the defense adequate time to prepare. The motion also averred that defense counsel had spoken with defendant regarding continuing the trial and that defendant voluntarily and knowingly consented to this continuance and would execute a waiver of his right to a speedy trial through September 28, 2008. Dkt. 88 at 2.

On June 29, 2007, the case was reassigned to the Honorable James L. Robart. CR. 98. On June 22, 2007, the Court denied Mr. Gebauer's motion to continue the trial date to September 28, 2007 and ordered trial to begin on July 23, 2007. CR. 99. On July 23, 2007, Mr. Gebauer's trial began (CR. 123) and on August 10, 2007, the jury returned a verdict finding Mr. Gebauer guilty of all counts. CR. 149.

On March 24, 2008, the Court conducted a sentencing hearing and entered Judgment. CR. 193, 194. Mr. Gebauer timely appealed (CR. 195) and the United States cross-appealed. CR. 198. On June 5, 2008, the Court of Appeals for the Ninth Circuit entered an order granting the parties' motions to dismiss their appeals. On May 18, 2009, Mr. Gebauer filed the § 2255 motion now before the Court. CR. 1.

**DISCUSSION**

**I.      Legal Standards**

Under 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate, set aside or correct the sentence on the grounds that the sentence was imposed in violation of the Constitution or laws of the United States. "A district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255). The court may deny a hearing if the prisoner's allegations fail to state a claim for relief or "are so palpably incredible or patently

frivolous as to warrant summary dismissal." *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996).

**II.     The Speedy Trial Act Was Not Violated**

The Speedy Trial Act, 18 U.S.C. § 3161 *et seq*., requires commencement of a criminal defendant's trial within seventy days from the filing date of the charging document, or from the date the defendant has appeared before a judicial officer of the court, whichever is later. *Id.* at § 3161(c)(1). Periods of delay caused by certain acts, such as pending motions or orders granting trial continuances, are excluded from the time within which trial must begin. *Id*. at § 3161(h).

Mr. Gebauer argues his trial should have started on July 30, 2006 because the Court's Order of June 14, 2006, which tolled the speedy trial clock from May 26, 2006, to March 5, 2007, violated the Speedy Trial Act. Dkt. 1 (memorandum at 5, 10-12).

**A.     The Speedy Trial Clock Began To Run On May 18, 2006**

Mr. Gebauer's contends "the trial clock began running on April 14, 2006," the date he made his initial appearance. Dkt. 1 (memorandum at 5). That is incorrect. The Speedy Trial Act requires that "(i)n any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). "When a defendant is indicted prior to his arrest, the seventy-day pretrial period runs from the date of his arraignment." *United States v. Haiges*, 688 F.2d 1273, 1274 (9th Cir. 1982). Accordingly, the speedy trial clock in Mr. Gebauer's case began to run on May 18, 2006, the date he was arraigned. *See* CR. 10.

**B.     The May 24, 2006 Motion Tolled Speedy Trial Until June 1, 2006**

Mr. Gebauer does not dispute that on May 24, 2006, his lawyer filed a Motion To Withdraw as counsel. CR. 11. The delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or disposition of, the motion is excluded in computing the time within which trial must commence. 18 U.S.C. § 3161(h)(1)(F). Because the motion to withdraw was not resolved until June 1, 2006, Speedy Trial was tolled for 14 days. CR. 14.

**C.     The June 16, 2006 Order Properly Tolled Speedy Trial**

The heart of Mr. Gebauer's argument is that the June 16, 2006 Order continuing his trial date to March 5, 2007 violated the Speedy Trial Act. Dkt. 1 (memorandum at 10-12). If Mr. Gebauer is right, his trial should have begun in the summer of 2006. If he is wrong, he has no Speedy Trial Claim.

The Speedy Trial Act excludes "[a]ny period of delay resulting from a continuance granted by any judge . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and defendant in a speedy trial." 18 U.S.C. § 3161(h)(1)(F) and (8)(A). The Act requires the district court to set forth "its reasons" for finding time should be excluded under this provision. 18 U.S.C. § 3161(8)(A).

Here, the Court held a hearing, heard and considered the parties' reasons for continuing the trial date to March 5, 2007, and entered a written order with findings that were reasonably specific and set forth with sufficient particularity. *See* CR. 18 (attached transcript) and CR. 19. Mr. Gebauer, however, contends the Court's findings are inadequate and the Speedy Trial Act therefore required his trial to begin no later than July 30, 2006. Dkt. 1 (memorandum at 10).

REPORT AND
RECOMMENDATION – 10

First, Mr. Gebauer now argues the Court erred in tolling speedy trial based on the complexity of his case because his "case was anything but 'complex'." *Id.* at 11. The record, however, shows Mr. Gebauer's lawyers repeatedly represented to the Court that the case was complex, required forensic experts, and involved large numbers of documents and other information and voluminous discovery. *See* CR. 18, 19, 36, 82.

Citing to *United States v. Carrasquillo*, 667 F.2d 382, 387 (3rd Cir. 1981), Mr. Gebauer also argues "continuances under (h)(8)(A) … should be given only in unusual cases such as antitrust and complicated crime conspiracy cases." Dkt. 1 at 11. This is not what *Carrasquillo* held. Instead, what the Court in *Carrasquillo* was discussing was how the Senate in promulgating the Speedy Trial Act, rejected a "blanket exception" of complicated cases from the Act and instead "opted for a case-by-case approach." *Id.* In view of the foregoing, the Court did not err in finding the complexity of the case justified a continuance of the trial date and tolling of speedy trial.

Second, Mr. Gebauer argues his lawyer's unavailability and the volume of evidence are not grounds to toll speedy trial under 18 U.S.C. § 3161(h)(8). Dkt. 1 (memorandum at 11). This argument is unsupported. Defense counsel's unavailability and the volume of evidence may be considered under § 3161(h)(8). Under that section, a Court may continue the date of trial and toll speedy trial to prevent miscarriages of justice, where it would be unreasonable to expect counsel to be adequately prepared for trial within the time limits established by the section, where denial would deny defendant continuity of counsel, or where denial would deny the defendant the reasonable time necessary for effective preparation. 18 U.S.C. § 3161(h)(8)(B)(i), (B)(ii), and (B)(iv). Here, Mr. Gebauer's lawyer argued that his retention as Mr. Gebauer's lawyer had just been finalized, that there was voluminous evidence, that the case was not simple, that he had to retain a forensic expert to effective represent his client, that he would be out of his office for two

REPORT AND
RECOMMENDATION – 11

months, and that given all of this it was not "realistic" to begin trial on the date the United States suggested. CR. 18 (transcript at 5). These representations support the Court's finding to grant Mr. Gebauer's request to continue trial and toll speedy trial under 18 U.S.C. §3161(h)(8).

And finally, Mr. Gebauer argues the Court failed to inquire whether the "trial deadline could be met if 'due diligence' were exercised under 18 U.S.C. § 3161(h)(8)(B)(iv)." Dkt. 1 (memorandum at 11). As discussed above, the Court held a hearing to address Mr. Gebauer's motion to continue trial to March 5, 2005. Because the United States did not agree with the length of the continuance sought by Mr. Gebauer, the Court heard argument from both counsel and also asked Mr. Gebauer about his desire to continue the trial date. This is not a case in which the continuance was granted simply because the parties agreed to a continuance. Rather, the record establishes that the Court required the parties to appear for a hearing and provide reasons for the continuance. The Court thus conducted a sufficient inquiry to determine whether denying a continuance would deny Mr. Gebauer's counsel reasonable time for effective preparation taking into account the exercise of due diligence.

It should also be pointed out that while a defendant's waiver of speedy trial, alone, may not be sufficient to toll speedy trial, where a defendant stipulates to the need for trial preparation, "[h]e cannot maintain that these continuances give rise to a STA [Speedy Trial Act] violation." *U.S. v. Gallardo*, 773 F.2d 1496, 1506 (9th Cir. 1985). In this case, Mr. Gebauer was the moving force behind the continuance of the trial date to March 5, 2007. The United States opposed the length of the continuance but Mr. Gebauer's lawyer argued the continuance was necessary for effective trial preparation.

Accordingly, for all of the reasons above, the Court's Order of June 16, 2006 continuing trial to March 5, 2007 properly tolled speedy trial to that date.

### D. The Subsequent Orders Continuing The Date Of Trial Properly Tolled Speedy Trial

On January 14, 2007 and May 15, 2007, Mr. Gebauer and the United States filed stipulated motions to continue trial and to toll speedy trial to May 29, 2007 and June 25, 2007 respectively. CR 36, 81. The Court granted these motions. CR. 38, 82. Mr. Gebauer makes no claim that these Orders failed to toll speedy trial. A review of the record shows these Orders properly tolled speedy trial. In each Order, the Court set forth the statutory provisions it relied upon and the factors it considered in continuing trial and tolling speedy trial. *Id.* Those statutory references in conjunction with the reasons contained in the motions to continue trial constitute sufficient explanation of why the ends of justice served by granting the continuances outweighed the interests of the defendant and the public to a speedy trial.

Moreover, as noted above, because Mr. Gebauer stipulated to the need for trial preparation, he cannot maintain the continuances violate the Speedy Trial Act.

### III. Mr. Gebauer Was Not Denied Effective Assistance Of Counsel

Mr. Gebauer contends he was denied effective assistance of counsel by his lawyer's failure to file a motion to dismiss the indictment for Speedy Trial Act violations. Dkt. 1 (memorandum at 14-16). A defendant claiming ineffective assistance of counsel must show both that his or her attorney performed deficiently (such that identified acts or omissions were "outside the wide range of professionally competent assistance"), and that such performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687, 690 (1984).

In this case, Mr. Gebauer repeatedly sought continuances of his trial date. Even after trial was continued to June 25, 2007, Mr. Gebauer sought a further delay to September 17, 2007. CR. 88. Because the Court finds that each order continuing the date of trial properly tolled speedy trial, the Court also finds the failure of counsel to file a motion to dismiss for violation of the

REPORT AND
RECOMMENDATION – 13

Speedy Trial Act does not amount to ineffective assistance of counsel.

**IV.     Need for an Evidentiary Hearing**

If a prisoner's allegations do not state a claim for relief or are so palpably incredible as to warrant summary dismissal, a court need not hold an evidentiary hearing. *Shah v. United States*, 878 F.2d 1156, 1158 (9th Cir.), *cert. denied*, 493 U.S. 869, (1989). Because the record establishes Mr. Gebauer's rights under the Speedy Trial Act were not violated, an evidentiary hearing need not be conducted.

**CONCLUSION**

For the reasons discussed above, the Court recommends that petitioner's 28 U.S.C. § 2255 motion to vacate and correct his 2008 federal court judgment and sentence be DENIED. A proposed order accompanies this Report and Recommendation.

DATED this 3rd day of June, 2009.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND
RECOMMENDATION – 14